Paul D. Odegaard
Taylor N. Johnson
ODEGAARD MILLER LAW, PLLC
1601 Lewis Avenue, Suite 101
Billings, MT 59102
Tel:  (406) 259-2222
Fax: (406) 259-3232

*Attorneys for Plaintiff*

CLERK OF THE
DISTRICT COURT
TERRY HALPIN

2019 JUL 2 PM 1 11

FILED
BY_____
DEPUTY

MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
YELLOWSTONE COUNTY

| | |
|---|---|
| JAMES GRAVES, | Cause No. DV 19-0921 |
| Plaintiff, | District Judge: Jessica T. Fehr |
| v. | |
| SAFECO INSURANCE COMPANY OF ILLINOIS, | **COMPLAINT & JURY TRIAL DEMAND** |
| Defendant. | |

Plaintiff, James Graves, through his counsel of record, hereby states, alleges and avers as follows:

**JURISDICTION AND VENUE**

1. At all times relevant herein, Plaintiff, James Graves (hereinafter "Graves"), is and was a resident of Billings, Yellowstone County, Montana.

2. At all times relevant herein, Defendant, Safeco Insurance Company of Illinois, is and was an insurer authorized to do business, and doing business, in the State of Montana.

3.      Jurisdiction in this Court is proper because Defendant does business in the State of Montana and engaged in conduct that resulted in the accrual of a tort action in Montana.

4.      Venue is proper in this Court under M.C.A. § 25-2-121(2) because Safeco breached its contract of insurance with Graves, payment was to be made in Yellowstone County, and Graves' underlying insurance loss occurred in Yellowstone County.  Further, Safeco has engaged in tortious conduct that resulted in the accrual of a tort action in Yellowstone County.

## FACTUAL BACKGROUND

5.      On February 13, 2018, at approximately 8:28 a.m., Graves was a restrained driver in his vehicle that was traveling southbound on North 27th Street in Billings, Montana.  Graves stopped in the far eastbound lane to make a left turn just north of Fourth Avenue North when Eugene Hetmer, traveling in the same direction, rear-ended Graves' vehicle.  Mr. Hetmer was cited for "driving too fast for the conditions," a violation of M.C.A. § 61-8-303(4). Mr. Hetmer's negligence caused the accident.

6.      At the time of the accident, Mr. Hetmer had an automobile insurance policy with the Safeco Insurance Company of Illinois (hereinafter "Mr. Hetmer's insurer") with bodily injury liability limits of $100,000 per person.

7.      Graves was seriously and permanently injured in the subject accident, necessitating a cervical fusion surgery at C2-3.  As a result of the accident, Graves has suffered, and will continue to suffer, severe pain and disability, mental anguish, loss of established course of life, and has and will continue to incur medical and related

expenses.

8. In April 2019, Mr. Hetmer's insurer paid Graves the bodily injury liability limits under Mr. Hetmer's policy and, in exchange and with Safeco's consent, Graves provided Mr. Hetmer with a release of claims.

9. Mr. Hetmer's bodily injury limits of $100,000 are inadequate to compensate Graves for his injuries and damages.

10. At the time of the subject accident, Graves was insured by an insurance policy issued by Safeco, bearing Policy No. 039199801-02 ("the Policy"). The Policy provided underinsured motorist ("UIM") coverage in the amount of $500,000.

11. Graves is an insured under the Policy.

12. The Policy constituted a legal and binding contract between Graves and Safeco.

13. Graves' injuries and damages greatly exceed the bodily injury policy limits of Mr. Hetmer's Safeco policy.

## COUNT I – BREACH OF CONTRACT

14. Graves restates and re-alleges the previous allegations as fully set forth herein.

15. Pursuant to the Policy and Montana law, Safeco "stands in the shoes" of Mr. Hetmer, the at-fault driver of the subject accident, as to any liability he has for the injuries and damages caused by the subject accident. Safeco is, therefore, obligated to compensate Graves for any and all damages he is legally entitled to recover as compensatory damages from Mr. Hetmer as a result of that accident.

16. Graves has complied with all of the Policy's terms.

17. Graves timely submitted his UIM claim to Safeco, and timely provided all medical records and medical bills supporting his damage claim.

18. By letter dated May 6, 2019, Graves requested payment of his UIM policy limits. Graves further offered a full and final settlement of his UIM claim in exchange for the sum of the UIM policy limits, providing adequate proof that Graves' general and special damages stemming from the subject accident exceeded the combined BI and UIM limits amount.

19. In a short email dated June 14, 2019, Safeco offered to pay $44,000 to compensate Graves for his damages.

20. Safeco has breached its contract with Graves and has now forced him to file suit to obtain benefits owed to him under the Policy.

## COUNT II – UNFAIR AND DECEPTIVE PRACTICES IN VIOLATION OF MONTANA INSURANCE CODE

21. Graves restates and re-alleges the previous allegations as fully set forth herein.

22. This claim is alleged pursuant to M.C.A. §§ 33-18-242 and -201(4), (6) and (13) of the Montana Unfair Trade Practices Act.

23. Safeco's conduct as alleged herein violate M.C.A. §§ 33-18-242 and -201(4) and (6), in that Safeco:

(i) refused to pay Graves' claim fully and fairly without conducting a reasonable investigation based upon all available information, and,

(ii) neglected to attempt in good faith to effectuate a prompt, fair and equitable settlement of Graves' claim when liability was reasonably clear.

24. Safeco's unfair and deceptive practices, in violation of M.C.A. §§ 33-18-242 and -201(4), (6), directly and proximately caused Graves to suffer damages and losses.

25. Safeco's unfair and deceptive practices, in violation of M.C.A. §§ 33-18-242 and -201(4), (6) were malicious and warrant the imposition of punitive damages, pursuant to M.C.A. §§ 33-18-242(4) and 27-1-221.

WHEREFORE, Graves prays for judgment in his favor against Safeco in an amount to be determined at trial; all entitled benefits for past and future medical treatment; probable future lost wages as a result of the accident, interest on insurance proceeds that should have been paid to cover his damages; costs of suit; attorneys' fees and costs incurred as a result of being forced to file suit to obtain first-party insurance benefits owed; and, such other and further relief as the Court deems just and proper under the circumstances.

### JURY TRIAL DEMAND

Graves demands a trial by jury on all issues so triable.

DATED this 2nd day of June, 2019.

ODEGAARD MILLER LAW, PLLC
*Attorneys for Plaintiff*

By _____
Paul D. Odegaard
Taylor N. Johnson
1601 Lewis Ave., Ste. 101
Billings, MT 59102